UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 15 CV 3283 |
| | ) | Hon. Marvin E. Aspen |
| IRVING BROWN, SR., D/B/A | ) | |
| IRVING BROWN SR. TAX SERVICES | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before us is Defendant Irving Brown, Sr.'s motion in limine to exclude various potential exhibits on hearsay grounds. (Mtn. (Dkt. No. 36) at 1–2.) For the reasons stated below, Brown's motion is granted in part and denied in part.

**LEGAL STANDARD**

We have broad discretion, based on our "inherent authority to manage the course of trials," when ruling on evidentiary questions presented in motions in limine. *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 463 n.4 (1984); *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Rulings on motions in limine allow us to "eliminate from further consideration evidentiary submissions . . . [that] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). For those evidentiary submissions that "cannot be evaluated accurately or sufficiently," we must "defer ruling until during trial." *Id.*

In jury trials, rulings on motions in limine must often be deferred "so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 873–74 (N.D. Ill. 2001) (internal quotation marks omitted) (quoting *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993)). Because such concerns are minimal in bench trials, as here, rulings on motions in limine are less important. *United States v. Shukri*, 207 F.3d 412, 419 (7th Cir. 2000) ("In a bench trial, we assume that the district court was not influenced by evidence improperly brought before it unless there is evidence to the contrary."); *see, e.g., City of Joliet v. Mid-City Nat. Bank of Chi.*, No. 05 C 6746, 2012 WL 5463792, at *11 (N.D. Ill. Nov. 5, 2012) (denying a motion in limine because "Rule 403's concerns carry significantly less weigh in a bench trial, where there is a presumption that the court is not improperly influenced by the evidence brought before it"); *Barna v. United States*, 183 F.R.D. 235, 239 (N.D. Ill. 1998) ("[M]otions in limine to strike party experts are less important in bench trials . . . I will decide at trial whether the opinions should be given credence and what weight to attach to them.") Finally, a ruling on a motion in limine is "subject to change as the case unfolds," and so we reserve the option of revisiting our preliminary evidentiary determinations as appropriate at trial. *Luce*, 469 U.S. at 41, 105 S. Ct. at 463.

## ANALYSIS

In his sole motion in limine, Brown seeks "an order barring the introduction into evidence [of] documents and hearsay assertions" contained in the United States' various proposed exhibits. (Mtn. at 1.) Brown's motion is unopposed with regard to nine of the United States' proposed exhibits. (Resp. (Dkt. No. 44) at 1.) Specifically, the United States agrees its proposed exhibits including the declaration of Kenneth George; the affidavit and declaration of

Kenneth Wiggins; the affidavits of Stephen Holmes, Andre Wright, and Priscilla Wright; and the deposition transcripts of Irving Brown, Jr., Tuiana Brown, Lewis Darling, and Carl Douglas "contain hearsay assertions and may not be admitted into evidence for the truth of the matters asserted therein." (Resp at 1; *see* Mtn. at 2 (listing exhibits).) Thus, the United States shall not offer those exhibits into evidence for the truth of the matters asserted therein.

The United States opposes Brown's motion to the extent it seeks to bar the introduction of the declarations of Curtis Young, Timothy Cox, and Katrena Dear. (Resp. at 1.) After the United States proposed those declarations as exhibits to Brown, we issued an Order requiring the parties to "submit the direct testimony of all witnesses by declaration prior to trial," while also requiring they "make their witnesses available live for cross-examination and re-direct during trial." (Order (Dkt. No. 34) at 1.) The United States then submitted the declarations of Curtis Young, Timothy Cox, and Katrena Dear as direct examination declarations, "properly executed and submitted pursuant to 28 U.S.C. § 1746." (Resp. at 1; *see also* Dkt. No. 39 (listing the United States' direct testimony declarations).) Insofar as Brown's motion seeks to bar the introduction of these declarations properly submitted as direct testimony declarations for the purposes of the bench trial, we deny his motion. *See* Fed. R. Evid. 611(a) ("The Court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence as to (1) make those procedures effective for determining the truth; (2) avoiding wasting time; and (3) protection witnesses from harassment or undue embarrassment."); *In re Gergely*, 110 F.3d 1448, 1452 (9th Cir. 1997) (citing *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992)) ("The pretrial order required written declarations in lieu of direct oral evidence. It was a valid order.").

## CONCLUSION

For the foregoing reasons we grant Brown's motion in limine in part, and deny it in part.

It is so ordered.

                                                             _____
                                                             Marvin E. Aspen
                                                             United States District Judge

Dated: January 19, 2017
         Chicago, Illinois